THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS McGEE, Defendant-Appellant.

First District (3rd Division)   No. 1—02—2637

Opinion filed June 30, 2003.

Rita A. Fry, Public Defender, of Chicago (Frederick Weil, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Lindsay M. Shuman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

The defendant presents us with two constitutional attacks on the aggravated unlawful use of a weapon statute. He contends the statute violates the proportionate penalties provision of the Illinois Constitution and/or it violates his right to due process of law. We find no constitutional defects in the statute.

## BACKGROUND

The only issue raised by the defendant is the constitutionality of the aggravated unlawful use of a weapon statute (UUW statute). 720 ILCS 5/24—1.6 (West 2000). For that reason, there is no need to engage in any lengthy recitation of the facts of this case. Suffice it to say a loaded pistol was found by a police officer under the front passenger seat of a car. The defendant was the passenger.

At his bench trial, the defendant unsuccessfully challenged the legality of the seizure of the gun and he denied any knowledge of the gun, with a similar lack of success. The trial court found him guilty of the six weapons charges in the information and, because the defendant had a felony record, sentenced him to a mandatory Class X term of seven years' imprisonment on one of them.[1] We affirm the defendant's convictions and sentence.

---

[1] We are not certain about which count the trial court imposed sentence on, but it appears to be count III: "he knowingly carried in a vehicle, a firearm,

## DECISION

■ Although the defendant did not raise the constitutional issues in the trial court, he has the right to challenge the statute for the first time on appeal. *People v. Christy*, 139 Ill. 2d 172, 176, 564 N.E.2d 770 (1990). We will begin with the presumption that the statute is constitutional and that the defendant has the burden of showing its invalidity. *People v. Davis*, 177 Ill. 2d 495, 501, 687 N.E.2d 24 (1997). Our duty is to construe a statute in a manner that upholds its validity and constitutionality if it can reasonably be done. *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000). We will review those sections of the aggravated UUW statute that apply to this defendant, not provisions that might apply to others in different circumstances. *People v. Hill*, 199 Ill. 2d 440, 445-46, 771 N.E.2d 374 (2002).

### 1. Disproportionate Penalties

■ The proportionate penalties clause of the Illinois Constitution is article I, section 11: "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11.

The central question is whether the penalty at issue has been set by the legislature " 'according to the seriousness of the offense.' [Citations.]" *People v. Moss*, 206 Ill. 2d 503, 522 (2003).

■ The supreme court has recognized three different forms of proportionality review. A statute may be deemed unconstitutionally disproportionate if: (1) the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that creates a less serious threat to the public health and safety is punished more harshly; or (3) identical offenses are given different sentences. *People v. Miller*, 202 Ill. 2d 328, 338, 781 N.E.2d 300 (2002). The defendant contends the aggravated UUW statute violates the third form: an offender who carries a loaded weapon could be prosecuted under either aggravated UUW or the misdemeanor UUW, the same conduct being either a felony or a Class A misdemeanor.

■ We set out the two statutes at issue in this case. The aggravated unlawful use of a weapon statute provides:

"§ 24—1.6. Aggravated unlawful use of a weapon.

(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

---

at a time and place when he was not on his own land or in his own abode or fixed place of business and the firearm possessed was uncased, loaded, and immediately accessible at the time of the offense, and he had been previously convicted of a felony."

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; \*\*\*
\*\*\* and

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

(B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense; or

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card; or

(D) the person possessing the weapon was previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 [705 ILCS 405/1—1 *et seq.* (West 2000)] for an act that if committed by an adult would be a felony; or

(E) the person possessing the weapon was engaged in a misdemeanor violation of the Cannabis Control Act [720 ILCS 550/1 *et seq.* (West 2000)] or in a misdemeanor violation of the Illinois Controlled Substances Act [720 ILCS 570/100 *et seq.* (West 2000)]; or

(F) the person possessing the weapon is a member of a street gang or is engaged in street gang related activity, as defined in Section 10 of the Illinois Streetgang Terrorism Omnibus Prevention Act [740 ILCS 147/10 (West 2000)]; or

(G) the person possessing the weapon had [an] order of protection issued against him or her within the previous 2 years; or

(H) the person possessing the weapon was engaged in the commission or attempted commission of a misdemeanor involving the use or threat of violence against the person or property of another; or

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun as defined in Section 24—3 [720 ILCS 5/24—3 (West 2000)], unless the person under 21 is engaged in lawful activities under the Wildlife Code [520 ILCS 5/1.1 *et seq.* (West 2000)] or described in subsection 24—2(b)(1), (b)(3), or 24—2(f) [720 ILCS 5/24—2 (West 2000)].
\*\*\*

(c) This Section does not apply to or affect the transportation or possession of weapons that:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

(d) Sentence. Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony. Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony." 720 ILCS 5/24—1.6 (West 2000).

■ The unlawful use of a weapon statute, a Class A misdemeanor, provides:

"§ 24.1. Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card[.]" 720 ILCS 5/24—1(a)(4) (West 2000).

The Illinois Supreme Court has struck down statutes that violate the three tests for disproportionality—(1) punishment that shocks the moral sense of the community (*Miller*, 202 Ill. 2d at 338-40 (natural life sentence of juvenile who acted as lookout during murder violated Illinois Constitution)); (2) similar offenses where conduct creating a less serious public threat is treated more harshly (*Moss*, 206 Ill. 2d 503 (Class X plus 15-year sentence for armed robbery where firearm possessed is unconstitutional when compared to 6- to 30-year sentence for aggravated battery with a firearm; mandated 20-year add-on to sentence for discharge of a firearm during an offense unconstitutional when compared to 4- to 15-year sentence for aggravated discharge of a firearm); *Davis*, 177 Ill. 2d at 507 (Class 3 felony nonprobationable sentence for unregistered felon's possession of a firearm unconstitutionally disproportionate to probationable Class 3 sentence for unlawful use of a weapon by a felon)); and (3) different sentences for identical conduct (*People v. Lewis*, 175 Ill. 2d 412, 423, 677 N.E.2d 830 (1996) (armed violence with category I weapon minimum sentence of 15 years unconstitutional when compared to armed robbery, which

carries 6-year minimum); *People v. Christy*, 139 Ill. 2d 172, 181, 564 N.E.2d 770 (1990) (sentence for armed violence, 6 to 30 years, unconstitutionally disproportionate to sentence for aggravated kidnaping, 4 to 15 years)).

The controlling question is whether the aggravated UUW and the misdemeanor UUW are the same offenses. It is true, as the defendant contends, that a person carrying concealed on his person or possessing in a vehicle an uncased, loaded, readily accessible weapon can be charged with and convicted of either statute, felony or misdemeanor.

But the aggravated UUW statute contains nine aggravating factors, at least one of which must be present for the felony charge to succeed. Of particular interest to this defendant are factors (A) and (C). That is, he was charged with carrying or possessing a weapon that was "uncased, loaded and immediately accessible," and with possessing or carrying concealed the firearm without having been issued a valid firearm owner's identification card (FOID). Those factors are not required for the misdemeanor UUW offense. The misdemeanor does not require that the gun be loaded. Nor does it require that the defendant had not been issued a valid FOID. Further, if the weapon is loaded and enclosed in a case, it does not come within aggravating factor (A) of the felony charge; it still may be charged as a misdemeanor, which excepts "unloaded *and* enclosed in a case" firearms. (Emphasis added.) 720 ILCS 5/24—1(a)(4)(iii) (West 2000).

■ We also note that none of the other seven aggravating factors is a required element of the misdemeanor offense. These aggravating factors thus narrow the universe of persons subject to felony penalties for UUW. In short, the felony charge applies to more serious conduct. They are not the same.

We see no disproportionality here. The more serious conduct required by the aggravated UUW statute justifies the higher sentence. Felony UUW and misdemeanor UUW are separate offenses and the legislature has broad power to prescribe penalties for them. See *People v. Wade*, 131 Ill. 2d 370, 379, 546 N.E.2d 553 (1989).

## 2. Due Process

■ The defendant contends the aggravated UUW provisions he was convicted of violate substantive due process. He points out that while the statute requires the defendant to act "knowingly," it requires no culpable mental state and potentially punishes innocent conduct.

This is the precise issue considered and rejected by this court in *People v. Grant*, 339 Ill. App. 3d 792 (2003). We held section 24—1.6(a)(1)(3)(A) did not violate substantive due process rights.

In *Grant*, as is true here, the accused relied on three Illinois

Supreme Court decisions: *People v. Wright*, 194 Ill. 2d 1, 740 N.E.2d 755 (2000), *People v. Zaremba*, 158 Ill. 2d 36, 630 N.E.2d 797 (1994), and *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985). In each case the court held that because the statute did not require a culpable mental state, it could be read to apply to wholly innocent conduct. In each case the court held the statute did not possess a rational relationship to its intended purpose.

In *Wright*, a provision of the Illinois Vehicle Code required certain licensed individuals to maintain records for three years at their places of business and provided that anyone who "knowingly" failed to keep the records was guilty of a Class 2 felony. 625 ILCS 5/5—401.2(a) (West 1996). The defendant failed to keep the records. The design of the statute, said the court, was to prevent trafficking in stolen vehicles and their parts, but it offended due process because it could punish a slight lapse in record keeping by an individual acting with no criminal intent.

In *Zaremba*, a section of the Illinois theft statute made it a felony for a person to obtain or exert control over property in the custody of any law enforcement agency where that person has been officially informed the property was stolen. Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(5). The statute's purpose was to enable law enforcement officers to conduct undercover operations aimed at breaking up fencing operations. But, held the court, it did not bear a reasonable relationship to its purpose because it potentially subjected wholly innocent conduct to punishment.

Finally, in *Wick*, the court invalidated a section of the aggravated arson statute that made it a Class X felony to knowingly damage a building by a fire that caused injury to a fireman or police officer at the scene. Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(3). The court held the statute swept too broadly, taking in innocent conduct, such as a farmer who burned his deteriorated barn to clear space for a new one.

The defendant in this case also relies on *People v. Hamm*, 149 Ill. 2d 201, 595 N.E.2d 540 (1992). There, a provision of the Fish Code of 1971 made it a Class 3 felony for a commercial fisherman taking more than $300 worth of fish to be unable to prove his net is licensed and he possesses a fishing license. The court held the statute was not reasonably designed to achieve its purpose of protecting citizens of Illinois from depletion of the state's natural resources.

There is a common theme running through the cases cited by the defendant. Each statute had the capacity to sweep in innocent people who could reasonably believe they were engaging in lawful activity. That is, the acts that comprised the offenses were not necessarily criminal in nature. The statutes did not accomplish their legislative purpose.

The statute we are concerned with in this case is far different. As we said in *Grant*, the legislature's purpose was to impose harsher penalties for conduct that poses "inherent dangers to police officers and the general public. This is so even if the person carrying the weapon has no criminal objective." *Grant*, 339 Ill. App. 3d at 806.

This statute is, in effect, self-defining. Knowingly possessing a loaded, readily accessible, uncased weapon in a car, or carrying it concealed, is criminal conduct. Period. Contrary to the defendant's contention, the goal of the aggravated UUW statute was not merely to limit possession of weapons by members of street gangs and organized crime figures. Its purpose was to make communities in this state safer and more secure for their inhabitants. The statute is rationally related to that legitimate goal. Each of the aggravating factors in the statute is a circumstance that belies innocent conduct.

Of course, one can create scenarios that pose challenges to the exercise of a prosecutor's discretion. The defendant gives us two examples of how the aggravated UUW statute could subject innocent conduct to a felony conviction.

In the first, a hunter receives a call that an emergency has arisen at home. In his haste to attend to the emergency, he returns to his car and drives away with the loaded, uncased gun on the seat next to him. In the second, a "Good Samaritan" who does not have a firearm owner's identification card finds a gun on the street. Not wanting the neighborhood children to find the gun, she takes the gun to the police station. On the way, she is stopped for speeding, and the police recover the gun.

It may be the two persons in defendant's hypotheticals would be subject to felony charges, although we would hope prosecutorial discretion would be exercised in a more sensible manner. But the case we make for satisfaction of substantive due process trumps these unlikely scenarios. Penalizing those who knowingly carry or transport concealed and loaded weapons is a rational way to accomplish the legislative goal of improving public safety. In addition, we observe that the hunter and the Good Samaritan could have taken an extra moment to place the weapons in the trunks of their vehicles, even if they did not have the time or the ability to break them down into a nonfunctioning state.

## CONCLUSION

We affirm the defendant's convictions and sentence.

Affirmed.

SOUTH, P.J., and HALL, J., concur.