FOURTH DIVISION

March 4, 2004

No. 1-02-2071

THE PEOPLE OF THE STATE OF ILLINOIS )    Appeal from

) the Circuit Court

Plaintiff-Appellee, ) of Cook County.

)  

) 

v. )  No. 01 CR 3679 

)

DARNELL KELLY, )  Honorable

) Leo E. Holt,

Defendant-Appellant. ) Judge Presiding.
 

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Darnell Kelly was convicted of unlawful possession of a weapon by a felon and sentenced to three years in prison.  His sole contention on appeal is that the sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  For the following reasons, we find no constitutional defects in the statute.

BACKGROUND

At trial, the State presented the testimony of Chicago police officer Louis Mahaffey which established that on January 17, 2001, Mahaffey approached defendant while he was standing on a sidewalk at 209 North Leamington Street in Chicago with three other people.  Mahaffey saw defendant take a dark item out of his left jacket pocket and throw it on the ground.  Mahaffey retrieved the object, a loaded, bluesteel .38-caliber handgun.  Defense counsel stipulated that defendant had previously been convicted of armed robbery.  Defendant denied any knowledge of the gun.  The trial court found him guilty of unlawful use of a weapon by a felon (UUW by a felon) in that he knowingly possessed a handgun after having been previously convicted of the offense of armed robbery pursuant to section 24-1.1(a) of the Criminal Code of 1961 (the Code)  (720 ILCS 5/24-1.1(a) (West 2000)).  His sentence was enhanced to a Class 2  felony with a term of 3 to 14 years because the armed robbery conviction was a forcible felony.  720 ILCS 5/24-1.1(e) (West 2000).  Defendant was ultimately sentenced to three years in prison.  

ANALYSIS

Defendant contends that the sentencing range provided in section 24-1.1 for the offense of UUW by a felon as enhanced to a Class 2 felony violates the proportionate penalties clause of the Illinois Constitution.  A statute is presumed to be constitutional, and the party challenging a statute bears the burden of establishing its invalidity.  
People v. Graves
, 207 Ill. 2d 478, 482, 800 N.E.2d 790, 792 (2003).  This court has an obligation to construe a statute in such a manner as to uphold its constitutionality if it is reasonable to do so.  Whether the statute is constitutional will be reviewed
 
de
 
novo
.  
Graves
, 207 Ill. 2d at 482, 800 N.E.2d at 792.  

Article I, section 11, of the Illinois Constitution, commonly referred to as the proportionate penalties clause, provides in pertinent part that "[a]ll penalties shall be determined * * * according to the seriousness of the offense."  Ill. Const. 1970, art. I, §11.  Our supreme court has held that the proportionate penalties clause can be violated in one of three instances, namely, where: (1) the penalty for an offense is cruel, degrading, or so completely disproportionate to the offense for which it is imposed as to shock the moral sense of the community; (2) similar offenses are compared and conduct that creates a less serious threat to public health and safety is punished more severely; and (3) the penalties imposed for identical offenses differ.  
People v. Moss
, 206 Ill. 2d 503, 522, 795 N.E.2d 208, 220 (2003).

In the present case, defendant asserts a violation of the second type.  He argues that the penalty for the Class 2 felony offense of UUW by a felon (3 to 14 years) is harsher than that imposed for the Class 2 felony offense of aggravated UUW where the offender has a prior forcible felony conviction (3 to 7 years), which defendant maintains is a similar but more serious offense.  When a defendant raises a challenge of this type, the court must apply a two-step cross-comparison analysis of the two statutes.  
Moss
, 206 Ill. 2d at 522, 795 N.E.2d at 220.  First, the court must consider whether the offenses being compared share a common statutory purpose.  If the offenses do not have common or related purposes, a comparative proportionality review is inappropriate; when statutes defining criminal offenses are enacted for different purposes, we will presume that the legislature considered different factors in determining the appropriate penalties for the offenses and will defer to its judgment in this regard.  If, however, the purposes of the two offenses are related, the court must then determine whether the offense with the harsher penalty is more serious than the offense with the lesser penalty.  
Moss
, 206 Ill. 2d at 523, 795 N.E.2d at 221. 

Accordingly, we begin our analysis by examining the legislative purpose in enacting UUW by a felon and aggravated UUW and their respective sentence enhancements.  Defendant maintains that the two statutes share a common purpose, namely to protect the public from the misuse of firearms.  

Section 24-1.1(a) of the Code makes it “unlawful for any person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or firearm ammunition if the person has been convicted of a felony under the laws of this state or any other jurisdiction.”  720 ILCS 5/24-1.1(a) (West 2000).  The penalty imposed for such an offense is a Class 3 felony with a sentencing range of 2 to 10 years’ imprisonment.  720 ILCS 5/24-1.1(e) (West 2000).  However, the legislature has further provided by a recent amendment (Pub.Act 91-544, eff. January 1, 2000) that 
where the offender has committed a forcible felony, the penalty is enhanced to a Class 2 felony with a sentencing range of 3 to 14 years.  720 ILCS 5/24-1.1(e) (West 2000).  

The legislature did not explicitly state its purpose in enacting section 24-1.1 or the amendment thereto; however, the plain language of the statute is the best indicator of legislative intent.  
People v. Koppa
, 184 Ill. 2d 159, 169, 703 N.E.2d 91, 97 (1998).  The plain language of section 24-1.1 reveals that the legislature's intent was to keep 
dangerous weapons, including but not limited to firearms, out of the hands of convicted felons in 
any
 situation whether it be in the privacy of their own home or in a public place.  See 
People v. Carmichael
, 343 Ill. App. 3d 855, 799 N.E.2d 401 (2003); 
People v. Jackson
, 269 Ill. App. 3d 851, 646 N.E.2d 1299 (1995).  In addition, the legislature intended to impose a harsher penalty for those felons in possession of a weapon when they have committed a 
forcible
 felony in the past because they necessarily had a history of using or threatening physical force or violence against another individual.  720 ILCS 5/24-1.1(e), 2-8 (West 2000).

Section 24-1.6 of the Code provides in pertinent part that a person commits the offense of aggravated UUW when he knowingly:

“(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; * * * 

* * * and

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]”  720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2000).

Normally, this offense is a Class 4 felony with a sentencing range of one to three years’ imprisonment.  However, where the offender has been previously convicted of a felony, including a forcible felony, the sentence is enhanced to a Class 2 felony with a sentencing range of three to seven years’ imprisonment.  720 ILCS 5/24-1.6(d) (West 2000); 730 ILCS 5/5-8-1(a)(5) (West 2000).

As we recently held in 
People v. Marin
, 342 Ill. App. 3d 716, 724, 795 N.E.2d 953, 959 (2003), the legislature’s purpose in enacting the aggravated UUW statute was to prevent any person from carrying a loaded, concealed, and easily accessible firearm on his person or in his vehicle due to the inherent dangers to police officers and the general public
.  See also 
People v. Grant
, 339 Ill. App. 3d 792, 791 N.E.2d 100 (2003); 
People v. McGee
, 341 Ill. App. 3d 1029, 794 N.E.2d 855 (2003).  The legislature further sought to impose a harsher penalty where the offender has been previously convicted of a felony.  However, the statute specifically excludes from its purview those persons, whether they be felons or not, who are on their own property or fixed place of business.  

Thus, the legislature had distinct purposes in enacting sections 24-1.1 and 24-1.6 and their relevant enhancements.  UUW by a felon and its enhancement are directed at deterring the possession of  weapons by felons, especially forcible felons, in any situation, whether it be in their home or on the street.  Whereas, aggravated UUW and its enhancement are more limited in scope and were enacted to keep felons from carrying loaded firearms on the public way or in vehicles.  Accordingly, because the statutes defining UUW by a felon and aggravated UUW have distinct purposes, we must presume that the legislature considered different factors in establishing the penalties for these offenses and defer to its judgment.  
People v. Lombardi
, 184 Ill. 2d 462, 480, 705 N.E.2d 91 (1998).  Therefore, a comparative proportionality analysis is not appropriate and we need not further address defendant's arguments.  

Accordingly, for all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

QUINN, P.J. and GREIMAN, J., concur.