THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY AUSTIN, Defendant-Appellant.

First District (6th Division)    No. 1—03—1984

Opinion filed June 25, 2004.

Michael J. Pelletier and Joshua Moshe Bernstein, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Annette Collins, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial defendant, Larry Austin, was found guilty of aggravated unlawful use of a weapon. Based on defendant's previous felony convictions, he was sentenced as a Class 2 felon to incarcera-

tion in the Illinois Department of Corrections for 36 months. Defendant appeals contending that his conviction should be reversed because the State failed to prove him guilty beyond a reasonable doubt. He also raises two arguments regarding the constitutionality of the aggravated unlawful use of a weapon (aggravated UUW) statute: (1) the statute violates due process because it requires no culpable mental state, and thereby allows a felony conviction based on innocent conduct; and (2) the penalty for aggravated unlawful use of a weapon under section 24—1.6 of the Criminal Code of 1961 (720 ILCS 5/24—1.6 (West 2002)) is unconstitutionally disproportionate to the penalty for reckless discharge of a firearm under section 24—1.5 (720 ILCS 5/24—1.5 (West 2002)).

## SUFFICIENCY OF EVIDENCE

The factual background of the instant case will be discussed in the context of the defendant's challenge to the sufficiency of the evidence. In resolving a challenge to the sufficiency of the evidence, a reviewing court must view all the evidence in the light most favorable to the prosecution and affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). In support of his challenge to the sufficiency of the evidence, defendant argues that the testimony of Officer Carillo was contrary to human experience and unworthy of belief. Defendant acknowledges that the determination of the credibility of witnesses by the trier of fact is entitled to great weight, but further contends that the trier of fact's determination is not conclusive. Relying on *People v. Smith*, 185 Ill. 2d 532, 542 (1999), defendant notes that a conviction will be reversed where the evidence is so unreasonable, improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt.

The record reflects that Officer Carillo observed a car with five individuals drive through a red light at Roosevelt Road and Kedzie Avenue in the City of Chicago, on February 25, 2003, at approximately 2:30 a.m. Officer Carillo, with his partner, pursued the car with the emergency lights and spotlight activated. The car did not stop, but continued driving southbound on Kedzie, eastbound on 13th Street and northbound in an alley east of Kedzie, stopping in a vacant parking lot at 1221 South Kedzie. After approaching the car, Officer Carillo ordered defendant, who was in the passenger's seat, to raise his hands. As defendant complied, Carillo, located a few feet from the car, observed through the closed window a handgun in defendant's right hand. At the point when defendant's hands were at chest level, Carillo

observed defendant drop the gun to the floor of the car. Carillo ordered defendant to exit the car, placed him under arrest, and handcuffed him. Carillo recovered the uncased Baretta handgun, with 1 live round in the chamber and 12 rounds in the 15-round magazine, from the floor of the car.

In addressing defendant's challenge to the sufficiency of the evidence, we are mindful that it is for the trier of fact, in this case the trial judge, to determine the credibility of the witnesses, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence. *People v. Campbell*, 146 Ill. 2d 363, 375 (1992). The trial court, as the trier of fact in a bench trial, hears and sees the witnesses and, thus, has the responsibility to judge their credibility, resolve any inconsistencies, determine the weight to give their testimony, and draw reasonable inferences from all the evidence presented. *People v. Steidl*, 142 Ill. 2d 204, 226 (1991).

Defendant argues that Officer Carillo's testimony is preposterous and incongruous. In support of that argument, defendant notes that, according to Carillo's testimony, "during the period in which the marked police car with its lights on was following the car in which he was riding (approximately one minute), Mr. Austin made no attempt to stash the handgun under the seat or in the glove compartment of the car. Instead, knowing he faced a felony charge for possession of the weapon, Mr. Austin instead chose to hold the handgun in his hand. Then, when the officer told him to raise his hands, Austin raised the weapon to the very point where Carillo was certain to see it—but only that high—before dropping the gun, in Carillo's plain view, to the floor of the car."

It would be speculation to try to determine why Mr. Austin made no attempt to stash the handgun. It could be speculated that Mr. Austin was considering using the loaded weapon on Officer Carillo, but then decided to drop it. Of course, that would be pure speculation, which we will not consider. We are, however, mindful that in reviewing the sufficiency of the evidence, "great deference should be given to trial judges when they hear the evidence and observe the witnesses." *People v. Hernandez*, 312 Ill. App. 3d 1032, 1037 (2000).

■ In the instant case, the experienced trial judge was convinced beyond a reasonable doubt of defendant's guilt. In order to "sustain a conviction, it is the trier of fact, not this court, who must be convinced of defendant's guilt beyond a reasonable doubt." *People v. Smith*, 299 Ill. App. 3d 1056, 1062 (1998). The trial judge specifically indicated, "[a]fter listening to the witnesses, observing their demeanor while testifying[,] and listening to the arguments of the attorneys, it's my finding that the State has proved Mr. Austin guilty beyond a reasonable doubt in Counts 1 and 2."

We note that in support of the challenge to the sufficiency of the evidence, defendant relies on *People v. Cunningham*, 333 Ill. App. 3d 1045 (2002), *appeal allowed*, 203 Ill. 2d 679 (2003). We find *Cunningham* factually distinguishable. The officer who testified in *Cunningham* demonstrated a selective memory. He could not remember who his partner was at the time of the arrest or whose cellular phone he used when arranging the narcotics transaction. The officer's report lacked significant details. The officer's report failed to describe the citizen-informant or memorialize his conversation with the alleged informant. *Cunningham*, 333 Ill. App. 3d at 1047.

Unlike the police officer who testified in *Cunningham*, in the instant case, Officer Carillo recalled the events of February 5, 2003, surrounding the arrest of defendant. He testified that he and his partner pulled over a car which had run a red light at Kedzie and Roosevelt. He further explained that by looking through the window he observed a handgun in defendant's right hand, which defendant dropped to the floor. There was no significant impeachment of Officer Carillo on cross-examination. Rather, defendant asks us to simply retry the case and declare Carillo's version of events preposterous and incongruous. Based on the record, we find that the State proved defendant guilty of aggravated UUW beyond a reasonable doubt. We refuse to speculate as to why defendant did not stash the handgun before Officer Carillo approached. As previously noted, perhaps defendant was considering using the loaded handgun, but that is speculation, which this court will not consider.

## SUBSTANTIVE DUE PROCESS

Defendant contends the aggravated unlawful use of a weapon statute (720 ILCS 5/24—1.6 (West 2002)) violates substantive due process because it requires only that an individual knowingly carry or conceal a firearm and that one of the aggravating factors be present. 720 ILCS 5/24—1.6(a)(1) (West 2002). In support of that argument, defendant notes that "no culpable intent was required for the section under which Mr. Austin was convicted. *** It thus potentially punishes as a felony, wholly innocent conduct, contrary to the requirements of due process."

Defendant was convicted under section 24—1.6(a)(1)(3)(A), which provides "the firearm possessed was uncased, loaded and immediately accessible at the time of the offense." 720 ILCS 5/24—1.6 (a)(1)(3)(A) (West 2002). Defendant recognizes that the appellate court has previously ruled that the aggravated unlawful use of a weapon statute satisfies the requirements of substantive due process in the context of its requirement of a "knowing" mental state in *People v. Marin*, 342

Ill. App. 3d 716 (2003) (First District, First Division); *People v. Grant*, 339 Ill. App. 3d 792 (2003) (First District, Fourth Division); *People v. McGee*, 341 Ill. App. 3d 1029 (2003) (First District, Third Division); *People v. Washington*, 343 Ill. App. 3d 889 (2003) (First District, Third Division); and *People v. Pulley*, 345 Ill. App. 3d 916 (2004) (First District, Third Division). Defendant argues that the appellate court wrongly decided these cases. He asks us to consider the argument rejected in each of those cases that while the statute requires the defendant to act "knowingly," it requires no culpable mental state and potentially punishes innocent conduct, violating substantive due process.

When, as in the instant case, the statute does not affect a fundamental constitutional right, the rational basis test is used to determine whether the statute complies with substantive due process. *In re K.C.*, 186 Ill. 2d 542, 551 (1999). The rational basis test is " ' "whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." ' " *In re K.C.*, 186 Ill. 2d at 551, quoting *People v. Bradley*, 79 Ill. 2d 410, 417 (1980), quoting *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 159 (1955).

In *Marin, Grant, McGee*, and *Pulley*, as in the instant case, the defendants relied on three Illinois Supreme Court decisions which held that because a statute did not require a culpable mental state, it could potentially punish innocent conduct, thereby failing to establish a rational relationship for its intended purpose: *People v. Wright*, 194 Ill. 2d 1 (2000); *People v. Zaremba*, 158 Ill. 2d 36 (1994); *People v. Wick*, 107 Ill. 2d 62 (1985).

The statute in question in the instant case is significantly different from the statutes addressed by the Illinois Supreme Court in the above-noted cases. Regarding those cases, we agree with *McGee*:

"There is a common theme running through the cases cited by the defendant. Each statute had the capacity to sweep in innocent people who could reasonably believe they were engaging in lawful activity. That is, the acts that comprised the offenses were not necessarily criminal in nature. The statutes did not accomplish their legislative purpose." *McGee*, 341 Ill. App. 3d at 1036.

The purpose of the aggravated UUW statute and the rational relationship of the statute to its intended purpose were clearly articulated in *McGee*:

"This statute is, in effect, self-defining. Knowingly possessing a loaded, readily accessible, uncased weapon in a car, or carrying it concealed, is criminal conduct. Period. Contrary to the defendant's

contention, the goal of the aggravated UUW statute was not merely to limit possession of weapons by members of street gangs and organized crime figures. Its purpose was to make communities in this state safer and more secure for their inhabitants. The statute is rationally related to that legitimate goal. Each of the aggravating factors in the statute is a circumstance that belies innocent conduct." *McGee*, 341 Ill. App. 3d at 1037.

■ In the instant case, the aggravated UUW statute reflects a rational relationship to its intended purpose to impose greater punishment for conduct that creates "inherent dangers to police officers and the general public, even if the person carrying the weapon has no criminal objective." *Pulley*, 345 Ill. App. 3d at 925, citing *Grant*, 339 Ill. App. 3d at 806. For the reasons previously discussed, we reject defendant's argument that the aggravated UUW statute violates substantive due process.

## PROPORTIONATE PENALTIES

■ The proportionate penalties clause of the Illinois Constitution provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The Illinois Supreme Court has recognized the following three violations of the proportionate penalties clause that may occur:

> "First, the proportionate penalties clause is violated where the punishment for a particular offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. [Citations.] Second, the proportionate penalties clause is violated where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly. [Citations.] Third, the proportionate penalties clause is violated where identical offenses are given different sentences." *People v. Davis*, 177 Ill. 2d 495, 503-04 (1997).

In the instant case, the defendant contends the aggravated UUW statute implicates the second cross-comparison violation because "it punishes less culpable conduct more severely than the reckless discharge of a firearm statute." The Illinois Supreme Court has established the following two-step inquiry when considering an alleged proportionate penalties violation by cross-comparison: (1) whether the offenses share a common statutory purpose such that comparative proportionality review is appropriate; and (2) if the purposes are related, whether the offense with the harsher penalty is less serious than the offense with the less severe penalty. *Davis*, 177 Ill. 2d at 506. We are mindful that regarding the first step, comparative proportionality review is inappropriate when the statutory purposes are different,

because when statutes are enacted for different reasons, we must presume that the legislature considered different factors as to the respective punishments. *People v. Lombardi*, 184 Ill. 2d 462, 476 (1998).

The defendant states in his brief that "Since the two statutes have similar legislative purposes, the court must determine whether the offense with the harsher penalty, aggravated UUW, is less serious than the offense with the less severe penalty, reckless discharge of a firearm." We need not address that argument, however, because we follow the reasoning articulated in *People v. Washington*, 343 Ill. App. 3d 889, 898 (2003), and conclude the statutes were enacted for different legislative purposes, rendering comparative proportionality review inappropriate:

> "Both statutes in question here are a result of our legislature's acknowledgment of the dangers associated with firearms. However, this generality does not overcome the fact that the aggravated UUW statute and the reckless discharge of a firearm statute have distinctly different legislative purposes: the aggravated UUW statute to prevent persons from knowingly carrying loaded, concealed, and easily accessible weapons on their persons or in the passenger compartments of their vehicles; the reckless discharge of a firearm statute to prevent the reckless, not knowing or intentional, discharge of a firearm out of a motor vehicle. Quite simply, one (aggravated UUW) is targeted at possession of a weapon and the other (reckless discharge of a firearm) is targeted at use of a weapon." *Washington*, 343 Ill. App. 3d at 898.

In *Washington*, the court compared the history, language and the legislative purposes of the aggravated UUW statute and the reckless discharge of a firearm statute. *Washington*, 343 Ill. App. 3d at 897-98. The court in *Washington* concluded that both statutes have distinctly different legislative purposes and as such, comparative proportionality review is inappropriate. *Washington*, 343 Ill. App. 3d at 898 (First District, Third Division). We see no reason to depart from the thorough and well-reasoned analysis in *Washington*. In the instant case, comparative proportionality review is inappropriate because both the aggravated UUW statute and the reckless discharge of a firearm statute have distinctly different legislative purposes.

We note that, in addition to *Washington*, this court has addressed the proportionality argument regarding aggravated UUW three other times. In *People v. Kelly*, 347 Ill. App. 3d 163, 168 (2004) (First District, Fourth Division), we considered the penalties for aggravated UUW and UUW by a felon and determined that because the statutes defining UUW by a felon and aggravated UUW have distinct purposes,

comparative proportionality analysis was not appropriate. In *People v. Pulley*, 345 Ill. App. 3d 916, 924 (2004) (First District, Third Division), we found the purpose of the UUW statute and the aggravated UUW statute to be the same, "*i.e.*, the protection of the police and the public from dangerous weapons," but found no violation of the proportionate penalties clause of the Illinois Constitution. In *People v. McGee*, 341 Ill. App. 3d 1029, 1035 (2003) (First District, Third Division), we compared the aggravated UUW and misdemeanor UUW statutes and concluded, "[T]he felony charge applies to more serious conduct. They are not the same. We see no disproportionality here. The more serious conduct required by the aggravated UUW statute justifies the higher sentence."

## CONCLUSION

For the reasons previously discussed, we reject defendant's challenge to the sufficiency of the evidence. The aggravated UUW statute satisfies the rational basis test and does not violate substantive due process. Comparative proportionality review is inappropriate because the aggravated UUW statute and the reckless discharge of a firearm statute were enacted for different legislative purposes.

The judgment of the trial court is affirmed.

Affirmed.

GALLAGHER and FITZGERALD SMITH, JJ., concur.