THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCO SOLE, Defendant-Appellant.

First District (4th Division)    No. 1—03—1701

Opinion filed May 26, 2005.

Michael J. Pelletier, Daniel J. Walsh, and Geneva L. Pension, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Michelle Katz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINN delivered the opinion of the court:

Following a bench trial, defendant Marco Sole was found guilty of aggravated unlawful use of a weapon and was sentenced to 14 years in prison. On appeal, defendant contends that the aggravated unlawful use of a weapon statute (the aggravated UUW statute) (720 ILCS 5/24—1.6 (West 2002)) is unconstitutional because it violates his right to due process of law and the proportionate penalties provision of the Illinois Constitution. He further contends that his sentence was excessive.[1]

Defendant was charged with aggravated unlawful use of a .22-caliber weapon and a .44-caliber weapon.

At trial, Officer Tyrone Pendarvis testified that on May 21, 2002,

---

[1]Defendant has withdrawn an issue regarding the jury waiver raised in his initial brief.

he was on patrol with his partner Philip Armstrong when a citizen on a bicycle informed them that someone was in the middle of the street a few blocks away pointing weapons at cars. The officers proceeded to the street indicated by the biker and saw two men in the street holding guns. One of the men was identified as defendant. The other man was identified as Deonte Blair. Defendant was holding a nickel-plated silver gun. When they saw the officers, defendant and Blair ran into a nearby house. The officers followed them into the house. In the house, Officer Pendarvis saw Blair in the hallway holding the nickel-plated silver gun. Blair complied with Officer Pendarvis' order to drop the gun and get on the floor. Officer Pendarvis could hear defendant in another room of the house and ordered him to drop any weapons and get on the floor. Defendant complied. The officers recovered the nickel-plated .44-caliber revolver that Pendarvis had seen Blair drop and a .22-caliber revolver that was found on the floor near defendant. During the State's rebuttal, Officer Armstrong corroborated Officer Pendarvis' testimony.

At the close of the State's case in chief, defendant moved for a directed verdict as to the charges of aggravated unlawful use of a .22-caliber weapon and a .44-caliber weapon. The trial court granted defendant's motion as to the .22-caliber weapon and denied the motion as to the .44-caliber weapon.

Joanne Coleman, the mother of defendant's children, testified on defendant's behalf that she was sitting in a car outside the house when defendant was arrested. Earlier that day, Blair had come to the house with a silver gun. When the officers arrived at the house, defendant was sitting on the porch without a gun. Blair ran into the house, followed by the officers. Defendant then followed the officers into the house.

The trial court found defendant guilty of aggravated unlawful use of the .44-caliber weapon. The court denied the State's motion to revoke defendant's bond, warning defendant that if he failed to appear for his sentencing hearing, the trial court would sentence him in his absence. The court stated that "[p]eople who don't show up I usually sentence to the maximum sentence." The trial court subsequently denied defendant's motion for a new trial.

Due to defendant's failure to appear for a presentencing interview and for sentencing, the sentencing hearing was continued four times. Finally, the court held a sentencing hearing in defendant's absence. At the hearing, the State relied on the facts adduced at trial and the presentencing investigation report (PSI) in aggravation and requested that the court sentence defendant to 10 years in prison. In mitigation, defense counsel argued that defendant was the father of four children

who would be disadvantaged if defendant were to be sentenced to a long prison term, that defendant was employed before being arrested and that the crime was nonviolent.

In sentencing the defendant to 14 years in prison, the trial judge considered the facts that were adduced at trial, the PSI, which indicated that defendant had been convicted of possession of a controlled substance in 1993, delivery of a controlled substance in 1993, unlawful use of a weapon in 1995 and misdemeanor battery in 1998, and defendant's absence from the sentencing hearing. The trial court also considered the need to impose a sentence that would deter others from committing the same crime.

Defense counsel filed a motion to reconsider defendant's sentence in which he emphasized the nonviolent nature of defendant's crime. The trial court denied defendant's motion on March 7, 2003, stating that the primary factor it considered in sentencing defendant was the need to deter others from committing the same crime. The record is unclear as to when defendant was subsequently arrested pursuant to the warrant issued for his failure to appear.

On appeal, defendant originally contended that the trial court had failed to ensure that the waiver of his right to a jury was knowing and voluntary. In light of the supplemental record filed by the State, defendant now concedes this argument.

Defendant challenges the constitutionality of the aggravated UUW statute on two grounds. Although defendant did not raise the issue at trial, he may challenge the constitutionality of the UUW statute for the first time on appeal. *People v. Pulley*, 345 Ill. App. 3d 916, 922 (2004). Because we assume that a statute is constitutional, defendant bears the burden of showing the constitutional violation. *People v. Grant*, 339 Ill. App. 3d 792, 803 (2003). "Our duty is to construe a statute in a manner that upholds its validity and constitutionality if it can reasonably be done." *People v. McGee*, 341 Ill. App. 3d 1029, 1032 (2003).

■ Defendant first contends that the aggravated UUW statute deprives him of his constitutional right of due process because, though it requires a defendant to act "knowingly," it requires no culpable mental state and therefore may punish innocent conduct.

In *Grant*, the defendant raised this exact argument. We noted:
> "When legislation is being challenged as failing to comply with substantive due process requirements, as in this case, and that legislation does not involve a fundamental constitutional right, we must determine whether the statute bears a rational relationship to a legitimate state goal." *Grant*, 339 Ill. App. 3d at 803.

The defendant in *Grant* contended, as does defendant here, that

the aggravated UUW statute is similar to those statutes that were held unconstitutional in *People v. Wick*, 107 Ill. 2d 62 (1985), *People v. Zaremba*, 158 Ill. 2d 36 (1994), and *People v. Wright*, 194 Ill. 2d 1 (2000), because it requires only a "knowing" mental state without requiring a culpable mental state. "In *Grant*, this court held that the aggravated UUW statute does, in fact, contain a sufficient mental state, *i.e.*, knowledge." *People v. Washington*, 343 Ill. App. 3d 889, 894 (2003). We further found that the purpose of the statute

> "is to allow the State to seek a harsher penalty for any person in the State of Illinois who does not fall under a specific exemption from carrying a loaded weapon on or about his person or in any vehicle because of the inherent dangers to police officers and the general public, even if the person carrying the weapon has no criminal objective." *Pulley*, 345 Ill. App. 3d at 925, citing *Grant*, 339 Ill. App. 3d at 806.

The aggravated UUW statute does not violate a defendant's due process rights because it is rationally related to this legitimate state purpose. *Grant*, 339 Ill. App. 3d at 807.

We have repeatedly followed our holding in *Grant*, rejecting contentions that the aggravated UUW statute violates a defendant's due process rights. See *Pulley*, 345 Ill. App. 3d 916; *Washington*, 343 Ill. App. 3d 889; *People v. Marin*, 342 Ill. App. 3d 716 (2003); *McGee*, 341 Ill. App. 3d 1029; *People v. Spivey*, 351 Ill. App. 3d 763 (2004). We continue to adhere to the holding that the aggravated UUW statute is constitutional and similarly reject defendant's arguments.

■ Defendant next contends that the aggravated UUW statute violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) when compared to the reckless discharge of a firearm statute (the reckless discharge statute) (720 ILCS 5/24—1.5 (West 2002)).

Reckless discharge of a firearm is a Class 4 felony. 720 ILCS 5/24—1.5 (West 2002). Conversely, aggravated UUW is generally a Class 4 felony, a second or subsequent offense is a Class 2 felony and an offense committed by a felon is a Class 2 felony. 720 ILCS 5/24—1.6(d) (West 2002).

Under the proportionate penalties clause, "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. There are three instances in which a violation of the proportionate penalties clause may occur:

> "First, *** where the punishment for a particular offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community [Citations.] Second, *** where

similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly. [Citations.] Third, *** where identical offenses are given different sentences." *People v. Davis*, 177 Ill. 2d 495, 503-04 (1997).

Here, defendant has raised the second proportionality challenge. When addressing such a challenge, a court of review employs a two-step inquiry:

"(1) whether the purposes of the compared offenses are similar such that a comparative analysis is appropriate; and (2) if the purposes are related, whether the offense with the harsher penalty is more serious than the offense with the less severe penalty." *Pulley*, 345 Ill. App. 3d at 923.

We recently addressed defendant's argument regarding the reckless discharge statute in *Washington*. We adhere to our holding in *Washington* that the reckless discharge statute and the aggravated UUW statute

"have distinctly different legislative purposes: the aggravated UUW statute to prevent persons from knowingly carrying loaded, concealed, and easily accessible weapons on their persons or in the passenger compartments of their vehicles; the reckless discharge *** statute to prevent the reckless, not knowing or intentional, discharge of a firearm out of a motor vehicle." *Washington*, 343 Ill. App. 3d at 898.

Accordingly, we find, as we did in *Washington*, that "comparative proportionality review is inappropriate in this case and we need not address whether the offense with the harsher penalty is more serious than the offense with the less severe penalty." *Washington*, 343 Ill. App. 3d at 898.

■ Finally, defendant contends that his sentence to 14 years in prison is excessive because, in imposing the sentence, the trial court weighed too heavily defendant's absence from the sentencing hearing and did not adequately consider the nonviolent nature of his crime.

Trial courts are afforded great deference in sentencing. *People v. Illgen*, 145 Ill. 2d 353, 379 (1991). "Where the sentence chosen by the trial court is within the statutory range permissible for the pertinent criminal offense *** a reviewing court has the power to disturb the sentence only if the trial court abused its discretion ***." *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995). Absent an abuse of discretion, a trial court's sentence may not be altered on review simply because the reviewing court would have weighed the factors in mitigation and aggravation differently. *People v. Cord*, 239 Ill. App. 3d 960, 968 (1993). When defense counsel argues mitigating factors at the sentencing hearing, it is presumed that the trial court considers those factors in

making its decision absent evidence on the record to the contrary. *People v. Whitehead*, 171 Ill. App. 3d 900, 908 (1988).

Because defendant had previously been convicted of a felony, his conviction under the aggravated UUW statute was a Class 2 felony. 720 ILCS 5/24—1.6(d) (West 2002). The statutory sentence for a Class 2 felony is not less than three years and not more than seven years in prison. 730 ILCS 5/5—8—1(a)(5) (West 2002). A court may impose an extended-term sentence when a defendant, as here, has been convicted of a felony of the same or higher class within 10 years of the crime for which he is being sentenced. 730 ILCS 5/5—5—3.2(b) (West 2002). The extended term for a Class 2 felony is not less than 7 years and not more than 14 years. 730 ILCS 5/5—8—2(a)(4) (West 2002).

In this case, the parties agree that the sentence imposed is an extended-term sentence within the applicable statutory guidelines. The trial court clearly stated the factors it considered in sentencing defendant to 14 years in prison, including defendant's past convictions, the necessity of imposing a sentence that would deter others from committing the same crime and defendant's failure to appear for sentencing. There is no evidence on the record that the trial court failed to consider the mitigating factor of the nonviolent nature of defendant's crime. We cannot say that the trial court abused its discretion in determining that a sentence of 14 years in prison was appropriate.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

GREIMAN and THEIS, JJ., concur.