Third Division
March 31, 2011

1-09-1973

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | 09 CR 3042 |
| | ) | |
| FRED DAVIS, | ) | Honorable |
| | ) | Michael J. Howlett, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Quinn and Justice Steele concurred in the judgment and opinion.

**OPINION**

The trial court found the defendant, Fred Davis, guilty on seven counts of unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2008)) and on four counts of violations of section 24-1.7(a) of the Criminal Code of 1961, the armed habitual criminal statute (720 ILCS 5/24-1.7(a) (West 2008)). On appeal, Davis argues that (1) both statutes unconstitutionally infringe on his right to bear arms; (2) application of the armed habitual criminal statute to him violates the *ex post facto* clauses of the state and federal constitutions; and (3) the court should not have found him guilty of four separate counts for violating the armed habitual criminal statute based on his simultaneous possession of four guns. We find that the constitution permits the state to ban felons

from possessing firearms and the armed habitual criminal statute does not violate *ex post facto* principles, but simultaneous possession of four weapons can support only one conviction for violation of the armed habitual criminal statute. We vacate three of the convictions for violating the armed habitual criminal statute, and in all other respects we affirm the trial court's judgment.

BACKGROUND

On January 21, 2009, a police officer on the south side of Chicago saw Davis put a backpack into a car's trunk. Davis tried to shut the trunk as the officer walked up to him, but the trunk popped open. The officer saw a gun in the backpack. Police officers arrested Davis. When they searched the car, they found that the backpack held four guns, and three of them were loaded. After an officer reminded Davis of his rights, Davis said that the guns belonged to his nephew.

A grand jury indicted Davis for four counts of violations of the armed habitual criminal statute and for seven counts of UUWF.

At the bench trial, the officer who first saw the gun testified about the guns. The parties stipulated that Davis had prior convictions for aggravated discharge of a firearm, a Class 1 felony, and a Class 2 felony conviction for delivery of a controlled substance. The defense presented no evidence. The trial court found Davis guilty on all counts. The court sentenced Davis to seven years in prison on each of the armed habitual criminal statute charges, and to six years on each count of UUWF, with all of the sentences to run concurrently. Davis now appeals.

ANALYSIS

On appeal, Davis does not challenge the sufficiency of the evidence showing that he possessed firearms and that he had prior felony convictions. He argues that we must reverse his convictions

2

because both the armed habitual criminal statute and the UUWF statute violate his constitutional right to bear arms. See U.S. Const., amend. II. He challenges the statutes both as facially unconstitutional and as unconstitutional as applied to him. We review the constitutionality of a statute *de novo*. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 200 (2009).

The State suggests that the statutes at issue do not impose any burden on conduct falling within the scope of the second amendment because it applies only to felons. In support, the State cites *Wilson v. Cook County*, No. 1-08-1202 (Ill. App. Feb. 9, 2011) and *People v. Ross*, No. 1-09-1463 (Ill. App. Mar. 11, 2011). Both the *Wilson* court and the *Ross* court cite with approval *United States v. Williams*, 616 F.3d 685 (7th Cir. 2010), in which the court found the need to apply intermediate scrutiny to a statute that barred felons from possessing firearms. If the statute did not impose any burden on conduct falling within the scope of the second amendment, the court should have applied, at most, a rational basis test for deciding the statute's constitutionality. The second amendment expressly protects "the right of the people to keep and bear arms." U.S. Const., amend. II. Although a felon, Davis still counts as one of the people whose rights the Constitution protects. Therefore, like the *Williams* court, we apply intermediate scrutiny to determine whether the statutes at issue here violate the second amendment. *People v. Aguilar*, No. 1-09-0840, slip op. at 16 (Ill. App. Feb. 23, 2011).

Under this standard of review, "[t]he State must assert a substantial interest to be achieved by restrictions" on the constitutional right, and "the regulatory technique must be in proportion to that interest." *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 564 (1980). Supreme Court decisions "require *** a fit that is not necessarily perfect, but reasonable;

that represents not necessarily the single best disposition but one whose scope is 'in proportion to the interest served,' " *Board of Trustees of the State University of New York v. Fox*, 492 U.S. 469, 480 (1989)(quoting *In re R. M. J.*, 455 U.S. 191, 203 (1982)).

## Second Amendment

The UUWF statute prohibits the possession of firearms by any person previously convicted of any felony. 720 ILCS 5/24-1.1(a) (West 2008). The armed habitual criminal statute establishes harsher penalties for possession of a firearm if the possessor has two or more convictions for any of the felonies listed in the statute, including aggravated discharge of a firearm and delivery of a controlled substance, if the controlled substance offense is a Class 3 or higher level of offense. 720 ILCS 5/24-1.7(a) (West 2008). Davis admits that both statutes applied to him.

The UUWF statute serves to protect the public from the danger posed when convicted felons possess firearms. *People v. Crawford*, 145 Ill. App. 3d 318, 321 (1986). The legislature similarly intended the armed habitual criminal statute to help protect the public from the threat of violence that arises when repeat offenders possess firearms. See *People v. Davis*, No. 405 Ill. App. 3d 585, 592 (2010). The State has a legitimate interest in protecting the public from the dangers posed by felons in possession of firearms. *Crawford*, 145 Ill. App. 3d at 321. The statutes at issue in this case forbid possession of firearms only by persons proven to have committed felonies. Before the State imposes the more serious penalties established in the armed habitual criminal statute (720 ILCS 5/24-1.7(b) (West 2008)), the State must prove that the defendant twice committed the specific kinds of felonies peculiarly related to the use of firearms. 720 ILCS 5/24-1.7(a) (West 2008). Thus, the restrictions fit proportionally with the interests the statutes serve.

4

1-09-1973

*Dicta* in *District of Columbia v. Heller*, 554 U.S. 570 (2008), supports our finding that the UUWF statute and the armed habitual criminal statute comport with the second amendment. The Supreme Court, in *Heller*, explained the reach of the right to bear arms, and specifically added: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ***." *Heller*, 554 U.S. at 626-27. Davis argues that we should not follow this *dicta*. But, as our supreme court explained in *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993), judicial *dicta* should usually carry dispositive weight in an inferior court. See also *People v. Williams*, 204 Ill. 2d 191, 206 (2003). Accordingly, we hold that the armed habitual criminal statute and the UUWF statute do not, on their faces, violate the second amendment.

Davis separately challenges the statutes as applied to him, as he now claims that the State did not prove that he intended to use the arms for any improper purpose. The evidence suggests that Davis's nephew intended to retain ownership of the four guns while Davis carried them. Neither statute requires a showing of any improper purpose for the felon's possession of the firearms. 720 ILCS 5/24-1.1(a), 24-1.7(a)(West 2008). Convicted felons present special dangers when they possess firearms, even if they hold those firearms only temporarily for other owners. *United States v. Johnson*, 459 F.3d 990, 998 (9th Cir. 2006). The evidence at trial shows that Davis was not, at the time police approached him, using the weapons for self-defense, as he had them stored in a backpack in the trunk of a car. We find that the State did not violate the United States constitution when it enforced its statutes and applied them to Davis's acts in this case.

*Ex Post Facto*

Next, Davis contends that the armed habitual criminal statute violates the *ex post facto* clauses

5

of the United States and Illinois Constitutions because both of his prior felony convictions occurred before the legislature adopted the armed habitual criminal statute. We also review this constitutional issue *de novo*. *People v. Leonard*, 391 Ill. App. 3d 926, 931 (2009).

The First and Third District Appellate Courts of this state have considered the same issue advanced by defendant and decided it adversely to him. See, *e.g.*, *Leonard*, 391 Ill. App. 3d at 926; *People v. Adams*, 404 Ill. App. 3d 405 (2010); *People v. Bailey*, 396 Ill. App. 3d 459 (2009). In *Leonard*, 391 Ill. App. 3d at 931, the reviewing court observed that recidivist statutes in this state have consistently withstood challenges to their validity for the reason that they punish defendant for a new and separate crime, not for the offenses committed before the statute was enacted. In such statutes, as here, defendant's prior convictions are only an element of the new crime. *Leonard*, 391 Ill. App. 3d at 931.

This court applied the same rationale in *Bailey*, 396 Ill. App. 3d at 463-64, and *Adams*, 404 Ill. App. 3d at 413, and likewise concluded that the armed habitual criminal statute does not punish a defendant for his prior convictions, but rather for a new and separate subsequent crime. Thus, this court found that the armed habitual criminal statute did not violate the constitutional prohibitions against *ex post facto* laws.

Thomas argues that we should reject *Leonard*, *Bailey* and *Adams* because those decisions conflict with *People v. Dunigan*, 165 Ill. 2d 235 (1995). The *Dunigan* court held that the Habitual Criminal Act did not violate *ex post facto* principles because it only enhanced the sentence for a new crime. *Dunigan*, 165 Ill. 2d at 240-44. In *Leonard*, 391 Ill. App. 3d at 932, the court specifically addressed this point, explaining that the court in *Dunigan* did not find that habitual criminal legislation

must not include previous convictions as an element of the offense. A defendant's prior crimes count as elements of a violation of the armed habitual criminal statute, as the prior offenses establish that the defendant fits in the class of persons who must not possess firearms. The defendant's act that violates the statute, possession of a firearm by a twice-convicted felon, must take place entirely after the enactment of the armed habitual criminal statute. Thus, the armed habitual criminal statute does not violate the prohibition against *ex post facto* laws. *Leonard*, 391 Ill. App. 3d at 932.

### Multiple Convictions for Violations of the Armed Habitual Criminal Statute

Finally, Davis argues that the trial court improperly sentenced him for four separate counts of violating the armed habitual criminal statute. Davis maintains that the armed habitual criminal statute does not permit multiple convictions for the simultaneous possession of multiple firearms. The State agrees. See *People v. Carter*, 213 Ill. 2d 295, 302 (2004). Accordingly, we correct the mittimus to show only one conviction for violation of the armed habitual criminal statute.

### CONCLUSION

The armed habitual criminal statute and the UUWF statute both comport with the second amendment. Application of the armed habitual criminal statute to Davis did not violate *ex post facto* principles because Davis possessed the guns at issue some years after the legislature adopted the armed habitual criminal statute. We correct the mittimus to reflect only one conviction for violation of the armed habitual criminal statute. In all other respects, we affirm the judgment of the trial court.

Affirmed as modified.