2021 IL App (1st) 181286-U

No. 1-18-1286

Order filed March 31, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 08210 |
| | ) | |
| DEVON WILKINS, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mary Mikva and Justice Sheldon Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm defendant's convictions where (1) the evidence presented at trial was sufficient to prove defendant guilty beyond a reasonable doubt of being an armed habitual criminal (AHC) and (2) the trial court relied on the theory of constructive possession not accountability to convict defendant of AHC and where the trial court mentioned defendant's criminal background during sentencing. We do find, however, that the trial court erred in sentencing defendant on two counts of AHC, that such error denied defendant a fair sentencing hearing, and the mittimus shall be corrected to reflect only one sentence for AHC.

¶ 2     Following a bench trial, defendant Devon Wilkins was convicted of two counts of armed habitual criminal (AHC) and one count of possession of a stolen motor vehicle, and was sentenced to 14 years on each AHC count and seven years for possession of a stolen motor vehicle, to be served concurrently.

¶ 3     On appeal, defendant contends that: (1) the State failed to prove beyond a reasonable doubt that he was guilty of being an AHC; (2) a due process violation occurred where the record showed that the trial court relied on a legally invalid theory of accountability in finding defendant guilty; (3) the trial court erred in considering factors in aggravation that were not a part of the record, and; (4) trial court erred in issuing two sentences for the two counts of AHC. For the following reasons we affirm the conviction and correct the mittimus to reflect one 14 year sentence of AHC.

¶ 4                              BACKGROUND

¶ 5      Defendant does not challenge his conviction for possession of a stolen motor vehicle, therefore we will recite only those facts necessary to our disposition. Defendant was arrested and charged with multiple weapons offenses, AHC, and possession of a stolen vehicle, in connection with events surrounding a shooting incident and a subsequent multiple vehicle police chase on May 17, 2017. The evidence presented at trial established that defendant was the driver of a stolen motor vehicle whose occupants were involved in a shooting near 65th Street and Western Avenue in Chicago, Illinois. When the vehicle stopped, the defendant and other occupants fled. Police recovered a child's backpack containing two firearms from the backseat of the vehicle.

¶ 6     The State proceeded on a theory that defendant had constructive possession of the firearms that were recovered from behind the driver's seat of the vehicle. They introduced the testimony of Officer Kane, who chased the vehicle, saw the occupants flee the vehicle, and recovered the

backpack from the vehicle. The backpack contained a pistol and an AR[1] style pistol with an extended magazine. Sergeant Clancy also testified for the State that when he and Officer Brady apprehended defendant, he had the key fob to the stolen vehicle in his possession. When defendant was questioned at the police station, he stated that he purchased the vehicle for $300. He also stated that he was a member of a gang that was involved in a conflict with a rival gang, and that he and his companions went to the area to retaliate for a shooting that had occurred the night before. Defendant stated that they all "gunned up" and went to the area in three vehicles but no one was supposed to get back into his vehicle with a gun. Defendant denied shooting, stating instead that he was just a driver. After the shooting, his vehicle was supposed to be a getaway vehicle and another vehicle was to transport the guns. However, because police showed up, the getaway did not go according to plan.

¶ 7    The State entered defendant's prior convictions into evidence: unlawful possession of a weapon by a felon in case number 13 CR 2038701; and burglary in case number 12 CR 0941602 into evidence. Defendant's prior convictions were admitted for the purpose of proving an element of a crime and not to establish a propensity. The State then rested its case.

¶ 8    Defendant motioned for a directed finding arguing that the State was using the same offense twice, for both counts one and two, in order to get two convictions under AHC; which was a double enhancement. The trial court rejected that argument and stated that the convictions would be separate and distinct.

¶ 9    Defendant next argued that the State failed to meet its burden for AHC. Defendant contended that the State did not prove defendant had possession of or knowingly possessed a

---

[1] AR stands for ArmaLite rifle, named after the company that developed it in the 1950s. It is a semi-automatic rifle that shoots one time per trigger pull.

firearm for count one, the semi-automatic rifle, and count two, the handgun. However, the trial court found that the State had in fact met its burden, stating that a rational trier of fact could find each of the essential elements of all the charged offenses in the indictment. Consequently, the court denied the motion for directed finding.

¶ 10 At the conclusion of evidence and closing arguments, the trial court found that there was no doubt that defendant was a part of a unit that "gunned up" to do a shooting. Although defendant was supposed to be the getaway driver and not have the guns in the getaway vehicle, things did not go according to plan. The court specifically found that defendant was a part of a unit that possessed and brought those weapons to the area where shots were fired and ultimately to where they were recovered from the vehicle. The trial court concluded that defendant was "absolutely part and parcel of the entire incident that took place." Thus the Court found defendant guilty on all three counts; counts one and two for AHC and count three for possession of a stolen vehicle.

¶ 11 Defendant filed a motion for a new trial arguing: (1) the State failed to prove defendant was guilty beyond a reasonable doubt of AHC and possession of a stolen vehicle; (2) the guilty finding is beyond the manifest weight of the evidence; (3) the trial court erred in finding that defendant was in constructive possession of a firearm, and; (4) the trial court erred in the evidentiary rulings it made that went against defendant. At the hearing on defendant's motion for a new trial, defendant made an oral amendment to the motion, re-raising the argument that the convictions used as predicate offenses were double enhancements[2]. Upon consideration of

---

[2] The trial court determined that this issue had been addressed previously. Defendant had no additional authority to support the argument and stood on the written motion.

Defendant's arguments, the state's evidence[3], and relevant case law the trial court denied the motion for new trial.

¶ 12    At sentencing, the trial court stated that it reviewed the pre-sentencing investigation (PSI). When asked if there were any additions to the PSI, defendant addressed an unlawful use of a weapon (UUW) by a felon conviction from 2009 that might be subject to being vacated based on *People v. Aguilar*, 2013 IL 112116. The State responded that they were not requesting consideration of that conviction.

¶ 13    In aggravation, the State asked the court to consider defendant's criminal activity from 2011 to 2017; the current case, convictions for burglary, and UUW by a felon. In regard to the current case, the State noted that the facts in this case, defendant's own admission, his motive, his intent to possess the firearms, and that he was in possession of a stolen vehicle demonstrated that defendant should receive a sentence over the statutory minimum of six years.

¶ 14    In mitigation, defendant urged the trial court to give him a minimum sentence, arguing it was substantially more than what he was previously sentenced to and categorized the minimum sentence as severe. He further argued that he was convicted of being in constructive possession and not actual possession, and that some degree of mitigation should occur because of that. The PSI showed he was in a stable relationship with someone, there was no parental contact due to death, he had a deceased sibling, and he was raised by his aunt. Defendant argued that a shorter sentence would help him transition back into society faster. His job and his continuing relationship showed that he had redeemable societal interactions.

_____

[3] The court noted that the State presented testimony, physical evidence, and video that caught most of the car chase which were part and parcel of the State's case.

¶ 15    The trial court stated that it considered all the factors presented in aggravation and in mitigation in addition to the PSI. It considered the character of defendant, the facts of the case, and defendant's criminal history. The facts of the case, based on the trial court's observations of the evidence, did not warrant a minimum sentence. This case involved a shooting that occurred in the daylight hours where the police were nearby. After shots were fired, the police caught the offenders in the midst of escaping and a high-speed chase ensued. All of the occupants of the vehicle fled. Two firearms were found in the vehicle, one of which had an extended clip. Defendant was found near the getaway vehicle, and with the stolen key fob in his pocket.

¶ 16    The trial court also noted that defendant made statements indicating that he was a part of a "joint action," where they "gunned up" to do the shooting, but maintained that he was solely the driver and not a shooter. The trial court stated that defendant was "part and parcel" to what happened and almost successfully escaped. The court opined that Defendant had no regard for the safety of others as he made his escape.

¶ 17    The trial court further noted, that based on the PSI, defendant had a nice job in a community he enjoyed in Indiana. Defendant was self-sufficient, had his own apartment, enjoyed writing, and chose to engage in reckless behavior in the city of Chicago.

¶ 18    In full consideration of the aforementioned factors, trial court sentenced defendant to concurrent terms of 14 years on each AHC count, for each respective firearm. Defendant was also sentenced to seven years and three years mandatory supervised release on the possession of a stolen vehicle count. All of the sentences were to run concurrently.

¶ 19    After sentencing, defendant filed a motion to reconsider sentence arguing: (1) the sentence was excessive given the factors in aggravation and mitigation; (2) defendant's criminal record was

not commensurate with the range of sentencing options that should have been available to him, and; (3) the PSI and mitigation presented indicate that defendant had rehabilitation potential.

¶ 20    At the hearing for defendant's motion to reconsider sentence, defendant argued that the 14-year sentence was excessive given his background. The trial court acknowledged that the sentencing range was 6 to 30 years, and determined that this sentence was not near the mid-range. The trial court noted that inconsideration of the mitigating factors, it believed the sentence was appropriate given the facts and defendant's background. Hence, the motion was denied and defendant now appeals.

¶ 21                                    ANALYSIS

¶ 22    On appeal, defendant contends that: (1) the State failed to prove beyond a reasonable doubt that he was guilty of being an AHC; (2) a due process violation occurred where the record showed that the trial court relied on a legally invalid theory of accountability in finding defendant guilty; (3) the trial court erred in considering factors in aggravation that were not part of the record, and; (4) the trial court erred in issuing two sentences for the two counts of AHC.

¶ 23    As a preliminary matter, we note that defendant's claims regarding the sufficiency of the evidence were not previously raised in his motion for new trial.  To preserve an issue for appeal, a defendant must object at trial and include the issue in a posttrial motion.  *People v. Bui*, 381 Ill. App. 3d 397, 405 (2008).  As defendant has not done this, ordinarily his issues would be forfeited on appeal. *Id.*  However, our supreme court has previously held that claims challenging the proof of guilt beyond a reasonable doubt can never be forfeited.  *People v. Enoch*, 122 Ill. 2d 176, 190 (1988).  As such, we shall consider the merits of this argument.  With respect to his remaining issues, defendant asks this court to review them under the plain error doctrine, which will be addressed in each respective issue.

¶ 24                              A. Reasonable Doubt

¶ 25    Defendant first contends that the State failed to prove him guilty of AHC beyond a reasonable doubt. Defendant argues that the evidence did not show that he was in actual possession, constructive possession, or that he was in possession by accountability of any firearm. Defendant contends that there was no evidence to suggest that he handled the firearms or exercised control to support actual possession. He also argues that there was no evidence to suggest that he "exercised immediate and exclusive" control over the area where the bag containing the weapons were recovered.   Lastly, defendant argues that the State did not prove that any of the other occupants in the vehicle were guilty of being an AHC.

¶ 26    The State contends that it never sought to establish that defendant was in possession of the firearms by actual possession or through the theory of accountability. Instead, it presented evidence to demonstrate that defendant was in constructive possession of the firearms.

¶ 27    A sufficiency of the evidence challenge requires that the reviewing court must decide, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 16. A conviction does not get a re-trial at this stage and this court will not substitute its judgment for that of the trier of fact. *Id*. Instead, "a conviction will not be set aside unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Id*. Further, "the determination of the weight to be given the witnesses testimony, their credibility, resolution of inconsistencies and conflicts in the evidence, and reasonable inferences to be drawn from the testimony are the responsibility of the trier of fact." *Id*.

¶ 28      Section 5/24–1.7 720 (ILCS 5/24–1.7 (West 2016)), provides the statutory requirements for AHC, which states, in pertinent part:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; * * * " 720 ILCS 5/24–1.7 (West 2016).

Therefore, the offense of being an AHC is committed if a defendant "receives, sells, possesses, or transfers any firearm" after having been convicted of at least two triggering offenses. 720 ILCS 5/24–1.7 (West 2016). To establish constructive possession, the prosecution must prove that defendant: (1) had knowledge of the presence of the firearm and (2) exercised immediate control over that area. S*pencer*, 2012 IL App (1st) 102094, ¶ 17. Knowledge of the presence of a firearm "may be shown by evidence of a defendant's acts, declarations, or conduct from which it can be inferred that he knew the contraband existed in the place where it was found." *Id*. To establish control, a defendant is required to have the "intent and capability to maintain control and dominion" over an item, even if he lacks personal present dominion over it." *Id*. A defendant's ability of "control over the location where weapons are found gives rise to an inference that he possessed the weapons." *Id*.

¶ 29    The State entered evidence of two qualifying convictions of defendant; UUW by a felon under 13 CR 2038701 and burglary under 12 CR 0941602. In order to establish defendant possessed the firearms, the State elicited Sergeant Clancy's testimony to demonstrate that defendant knew the firearms were in the vehicle because he confessed to planning to use them in a shooting. Sergeant Clancy further testified that he and Officer Brady saw defendant with the key fob to the vehicle after he was found hiding from the police. Additional evidence established that Officer Kane saw defendant fleeing the vehicle where the firearms were found.  Further, Defendant knew of the presence of the firearms as they were the sole purpose of his driving that vehicle that day; to use them against rival gang members. See S*pencer*, 2012 IL App (1st) 102094, ¶ 17. While the evidence demonstrates defendant lacked personal dominion over the firearms because they were in the backseat, defendant's ability to control the location, as the driver of the vehicle, gives rise to an inference that defendant was in possession of the firearms. Even though the firearms were in the back seat, it is the defendant's capability to maintain control and dominion of those firearms that demonstrate control. *Id.*

¶ 30    Defendant cites to *People v. McIntyre*, 2011 IL App (2d) 100889, as authority in support of his contention that simply bringing a firearm into a vehicle is not enough to establish constructive possession. In *McIntyre*, the passenger asked that the defendant go to a specific location; upon approaching that location, the passenger uncovered a firearm that was not known to the driver until the passenger fired it. *Id.* at ¶ 17. However, we find that the facts in this case are distinguishable from that of *McIntyre.* Here, the evidence at trial demonstrated that defendant knew of the firearms presence and he, in fact, planned for the firearms to be in the vehicle so his fellow gang members could shoot others.   Given the evidence presented, we find that it is not unreasonable for a trier of fact to conclude that the State presented sufficient evidence to find

defendant guilty beyond a reasonable doubt for being an AHC based on the theory of constructive possession of the recovered firearms.

¶ 31                                    B. Plain Error

¶ 32    Under the plain error doctrine, issues not properly preserved can be considered by a reviewing court. *Bui*, 381 Ill. App. 3d at 405. Plain error review is appropriate under either of two circumstances: "(1) where the evidence is so closely balanced, so as to preclude argument that an innocent person was wrongfully convicted; or (2) where the alleged error is so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." *Id*. at 406. Prior to invoking the plain error doctrine, it is important to determine if any error occurred at all. *Id*.

¶ 33                         1. Legally Invalid Theory of Accountability

¶ 34    Defendant contends that the trial court relied on and used the State's theory of accountability in its determination to convict him of AHC. Defendant contends that this is demonstrated by the trial court making statements such as, "defendant was a part of a unit that gunned up to do a shooting," and that defendant was "part and parcel of the entire incident that took place." Defendant contends that these statements invoked the theory of accountability and that the trial court never stated that defendant was guilty of constructive possession. When the trial court erred by not requiring the State to prove every element of constructive possession, defendant contends that a due process violation occurred.

¶ 35    The State contends that defendant was never convicted under the theory of accountability and no party, at trial, argued this. The State points out that in closing and at sentencing, the State and the defense argued for and against, constructive possession, respectfully. The State argues that the trial court's usage of terms such as "part and parcel" and "part of a unit" were used to establish

joint and constructive possession. The State contends it was used to show that defendant was a part of a unit that possessed those weapons.

¶ 36    A review of the record reveals that the defendant's claim is without merit. "The trier of fact in a bench trial is not required to mention everything—or, for that matter, anything—that contributed to its verdict." *People v. Curtis*, 296 Ill. App. 3d 991, 1000 (1998). "If the record contains facts which support an affirmance of the trial court's finding, the reviewing court may take those facts into account even if the trial court did not state it explicitly relied upon them." *Id*. Nowhere in the record was there an attempt by any party or the trial court to discuss any elements of accountability. However, the record did show that the State argued that defendant was in constructive possession of the firearms. Although defendant is correct that the trial court never specifically stated he was guilty of AHC based on constructive possession; it did not have to. The evidence presented at trial demonstrates that defendant intentionally participated in a shooting. Although he and his companions created a diversion in order to flee and attempted to avoid being caught with the firearms; defendant was unable to perfect his escape. Defendant was found a short distance away from a stolen vehicle containing two firearms, with that vehicle's fob in his possession. Regardless of whether or not the firearms were used in the shooting, defendant was found to be in constructive possession of those firearms. Accordingly, we find that defendant's contention that the trial court relied on a legally invalid theory of accountability in finding him guilty of AHC is unsupported by the record. Where there is no error, we do not invoke the plain error doctrine. *Bui*, 381 Ill. App. 3d at 405.

¶ 37                              2. Improper Aggravation Factors

¶ 38    Defendant also alleges that the trial court considered factors in aggravation that were not part of the record. Defendant contends that the trial court considered the same convictions, the

2009 conviction for burglary and 2012 UUW by a felon, as predicate offenses that were also used as factors in aggravation in sentencing; which is a double enhancement. Citing *People v. Walker*, 392 Ill. App. 3d 277 (2009). Lastly, defendant contends that no evidence of the prior shooting was presented to the trial court, yet the trial court considered it in aggravation.

¶ 39    The State contends that the trial court was not relying on defendant's 2009 conviction for burglary and his 2012 UUW by a felon conviction, but rather the trial court was noting defendant's propensity to continue to commit crimes despite the increased consequences. Citing *People v. Morrow*, 2014 IL App (2d) 130718 (2014).  The State contends that the evidence at trial, with the assistance of defendant's consistent admissions of guilt, illustrated that there was a prior shooting.

¶ 40    Imposition of a sentence is normally within a trial court's discretion and there is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, such that the trial court's sentencing decision is reviewed with great deference.  *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8.  The presumption is overcome only by an affirmative showing that the sentence imposed varies greatly from the purpose and spirit of the law or manifestly violates constitutional guidelines. *Id*. Nonetheless, the question of whether a court relied on an improper factor in imposing a sentence ultimately presents a question of law to be determined *de novo*.  *Id*.

¶ 41    "Although a trial court has broad discretion in imposing a sentence, it is well established that a court may not consider a factor inherent in the offense as an aggravating factor in sentencing." *People v. Harmon,* 2015 IL App (1st) 122345, ¶ 124. "In determining whether the trial court based the sentence on proper aggravating and mitigating factors, a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *Id*. at ¶ 125.  The prohibition against double enhancements is based on the rationale that the legislature has already considered such fact when setting the range of penalties and it would

be improper to consider it again to impose a higher sentence. *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 9. The defendant bears the burden of establishing that a sentence was based on improper consideration. *Id.* In the case at bar the defendant points us to the courts comments at sentencing to demonstrate its improper consideration of past convictions. Specifically, the trial court stated:

> "And his background, certainly, is significant. It's been consistent, where he's been given probation, boot camp, even a -- as you would -- might describe as a shorter penitentiary sentence of 3 years in the Illinois Department of Corrections. And yet, he's chosen to engage in this type of conduct. He had been given probation, boot camp, and a "shorter" penitentiary sentence of three years and continues to engage in this conduct."

¶ 42   In our review of the trial court's comments in the record, we find that the trial court's considerations did not take implicit factors of the offense of AHC and use them as aggravating factors as in *Walker*. 392 Ill. App. 3d at 300. We find this case to be more analogous to *Morrow*, which the State cites, where this court held that the trial court did not err in discussing the prior convictions of a defendant in relation to the nature and circumstances of the offense. *Morrow*, 2014 IL App (2d) 130718, at ¶ 114. Similarly, here, the trial court did not specifically state the factors implicit in the offense of AHC; instead, the court described the nature in which defendant appeared to be escalating despite the sentences imposed on him. Further, the mention of the convictions in this context was a very short part of the trial courts consideration at sentencing. Largely, the court focused on the facts of the case, and considered the following in detail: it was a shooting that occurred in the daylight hours; a high speed chase ensued; two firearms were found and one had an extended magazine, and; defendant nearly got away with it if it weren't for law enforcement being in close proximity of the shooting. Looking to the record as a whole, we find

that the aggravating factors that the trial court used in imposing the sentence were not improper. *Harmon,* 2015 IL App (1st) 122345, ¶ 124.

¶ 43    Next, defendant's contention that the trial court improperly considered factors that were not a part of the record in aggravation is without merit. Defendant argues that the testimony adduced at trial was scant and unsupported in relation to the 14-year sentence that was imposed. Defendant contends that the trial court "surmised" he was a part of a shooting because of the unsupported testimony. Lastly, defendant argues that the information relied upon was not relevant or reliable. Citing *People v. Jackson*, 149 Ill. 2d 540, 548 (1992).

¶ 44    We find defendant's argument to be without merit. In *Jackson*, the supreme court held that considering past criminal conduct is admissible at sentencing when such evidence is, "presented by witnesses who can be confronted and cross-examined, rather than by hearsay allegations in the presence report, and the defendant should have an opportunity to rebut the testimony." *Jackson*, 149 Ill. 2d at 548. The court further held that, "relevance and reliability are the important factors in the consideration of evidence at sentencing." *Id*. at 549. Here, Sergeant Clancy and Officer Kane both testified to hearing several shots and conducting an investigation based thereon.  They started out independent of each other, but consistently merged as they chased the subject vehicles throughout the city of Chicago. During the investigation, defendant provided statements regarding his involvement in the retaliatory shooting and the physical evidence tended to corroborate those statements. Defendant had, and took, the opportunity to cross-examine both witnesses and was unable to rebut their testimony. *Id*. Their testimony, along with defendant's admissions, was relevant because they described the preceding events that lead to defendant's arrest: they were reliable because collectively the evidence was able to be corroborated. *Id*.   Consequently,

defendant has not demonstrated that any error occurred in order to invoke the plain error doctrine. *Bui*, 381 Ill. App. 3d at 405.

¶ 45                                     3. Sentencing Error

¶ 46    Finally, defendant contends that multiple convictions for the simultaneous possession of multiple firearms are not permitted under the armed habitual criminal statute; one of the two convictions must be vacated. Defendant cites to *People v. Davis*, 408 Ill. App. 3d 747, 752 (2011), to support his contention. Citing *People v. Artis*, 232 Ill. 2d 156, 170 (2009), defendant argues that the case should be remanded back to the trial court to determine which conviction should stand as the sentencing error violates the second prong of plain error.

¶ 47    The State agrees that the sentence, as it stands, is improper and seeks to have this court correct the mittimus pursuant to its authority under Illinois Supreme Court Rule 615(b)(1) (eff. June 1, 2020). The State requests that this court direct the Clerk of the Circuit Court of Cook County to correct defendant's mittimus to reflect entry of one conviction of AHC, without remand.

¶ 48    We agree; the issuance of more than one sentence for AHC is improper. *Davis*, 408 Ill. App. 3d at 752. As such, we find that an error did occur in sentencing. *Bui*, 381 Ill. App. 3d at 405. Additionally, we find that such a sentencing error was so egregious as to deny defendant a fair sentencing hearing, thus satisfying the second prong of plain error. See *People v. Polk*, 2014 IL App (1st) 122017, ¶ 15. An additional sentence added to a defendant's sentence is an error so substantial that we must correct it in order to preserve the integrity of the judicial process. *Bui*, 381 Ill. App. 3d at 406.

¶ 49    Nevertheless, we must note however that defendant's reliance on *Artis* is misplaced. Unlike in *Artis*, here, defendant received the same exact sentence on both counts, and no determination needs to be made by the trial court to decide which one will stand. We have the right

to correct the mittimus at any time without remanding the matter to the trial court (See *People v. Harper*, 387 Ill. App. 3d 240, 244 (2008); Ill. S. Ct. R. 615 (b)(1)(eff. June 1, 2020), hence, we order the correction of the mittimus to reflect only one conviction of AHC.

¶ 50                                    CONCLUSION

¶ 51    In conclusion, we find that the evidence was sufficient to find defendant guilty of being an AHC beyond a reasonable doubt.  Although defendant forfeited review of his remaining issues, he requested that we invoke the plain error doctrine to review them. We conclude that defendant's claims that the trial court relied on a legally invalid theory of accountability to convict him and relied on improper aggravation factors in sentencing did not establish any error by the trial court and we declined to review them on the merits.  However, we do find that the trial court erred in sentencing defendant on both convictions for AHC, which satisfies the plain error doctrine. Accordingly, the judgment of the circuit court of Cook County is affirmed and the mittimus corrected.

¶ 52    Affirmed; mittimus corrected.